UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

**WENDELL W. PHILLIPS,**

    Plaintiff

V

**NATIONAL BASKET BALL ASSOCIATION, and
DAKTRONICS, INC, and
EXECUTIVE VICE PRESIDENT FRANK KURTENBACH**

    Defendants

Case:2:10-cv-14734
Judge: Hood, Denise Page
MJ: Morgan, Virginia M
Filed: 11-29-2010 At 04:43 PM
CMP WENDELL W. PHILLIPS V NATIONAL
BASKETBALL ASSOCIATION, ET AL (LG)

Wendell W. Phillips
In Propria Persona
3225 Holiday Drive, Apt#6
Lansing, Michigan 48912
(517) 203-3056

Richard W. Buchanan
Executive Vice President
and General Counsel of NBA
NBA Olympic Towers
645 5th Avenue
New York, New York 10022
(212) 407-8000

Todd Gunn General Counsel
for Daktronics Inc.
331 32ND Avenue
Brookings, South Dakota 57006-5128
(605) 692-0200

## COMPLAINT AND JURY DEMAND

Now comes Plaintiff, Mr. Wendell W. Phillips in Propria Persona complains as follows:

PARTIES, JURISDICTION, AND VENUE

    1. Plaintiff, Mr. Wendell W. Phillips (hereinafter, Plaintiff), at all time pertinent to this

action, is and was a resident of the City of Lansing, Michigan.

2. Defendant, NBA (hereinafter , Defendant ),  upon information and belief, at all times pertinent to this action, is a New York corporation engaged in the business of sports entertainment, and the promotions of NBA products, where its principal place of business being 645 5th Avenue City of New York, State of New York.

3. Defendant, Daktronics, Inc. (hereinafter, Defendant), upon information and belief, at all times pertinent to this action, is a South Dakota corporation engaged in the business of developing , selling , and video display systems, with its principal place of business being 331 32nd Avenue, City of Brookings, State of South Dakota.

4. This Court has jurisdiction over this action pertaining to a continuing violations theory in pursuant to Lanham Act, Sherman Anti Trust Act 15 U.S.C. § 1, and pursuant to § 43(43)(a) of Lanham Act 15 U.S.C. § 1125(a)(1)(A)(B)(3)(c) 17 U.S.C.§ 301. Plaintiff and the Defendants and the matter involved in this controversy exceed the sum of $75, 000, exclusive of interest and cost.

5. Venue is proper in the Federal Eastern District Court of Michigan, Southern Division, based upon the facts that Plaintiff met with the Vice President of Daktronics  Mr. Frank Kurtenbach at a plant Air Gauge in Livonia, Michigan, where Plaintiff disclosed plans for the production of a lighted LED Basketball Hoop/Rim, LED Lighted Backboard, and the mounting of a 24 second shot clock above the backboard for Daktronics.

## GENERAL ALLEGATIONS

6. That in or about 1990, Plaintiff invented the LED Lighted Backboard and LED Mounted 24 Second Shot Clock.

7. That Plaintiff's device included a backboard constructed of a transparent material and basket ball rim fixedly attached to said backboard , to which was affixed around the broader and around the said rim and a string of LED Lights attached to the rim.

8. That Plaintiff acquired Exclusive patent rights to enhance the LED Rim with a built in LED Lights in 1996. In that same year Plaintiff named his company The American Hoop Company that was registered with the Michigan Secretary of State.

9. That in March of 1997 Plaintiff contacted Frank Kurtenbach Vice President of Daktronics Inc. for a meeting in East, Lansing, Michigan to Discuss an interest in Plaintiffs' patent , and the other accessories such as LED Backboard, LED Mounted 24 Second Shot Clock, that comprised of drawings , specs , graphics designs, and marketing concepts.

10. In March 1997, Mr. Frank Kurtenbach , Vice President of Daktronics Corporation met with Mr. Wendell W. Phillips at Michigan State University during a State High School Boys Basket Ball Tournament.

11. That following the first initial meeting Frank Kurtenbach contacted Mr. Wendell W. Phillips for a second meeting that would be arranged in Livonia where the engineering firm Air Gauge who had worked with Plaintiff to develop the Basketball rim prototype scheduled a meeting in or around April 16, 1997 to finalize a deal and that Plaintiff would give full disclosure of all drawings of the LED Lighted Backboard, LED Mounted 24 Second Shot Clock ,technical specifications, marketing plans, and exclusive patent agreement, pertaining to the built in LED Basket Ball Rim. The deal was to be closed in the month of May of 1997 with stock options, manufacturing agreement, or complete buy out. Frank Kurtenbach asked Wendell Phillips how much life was left on patent, Plaintiff responded indicating that the LED Basket Ball Rim would expire in August of 2004.

12. That on or around in May of 1997 after several calls made to Daktronics for Vice President Frank Kurtenbach there was never a returned call made to receive any consideration or if the deal was terminated. Defendant never made or mailed any formal notices that the LED Lighted Backboard or the LED Mounted 24 Second Shot Clock was a product that was a product of Daktronics or was in a joint venture with the NBA.

13. That on or around in May of 1998 Plaintiff noticed that the NBA had a Mounted LED Lighted 24 second Shot Clock in an NBA Playoff game with the Los Angeles Lakers and the Utah Jazz.

14. That on or around October 23, 2002 – 2003 season the NBA attaches a second phase of Plaintiff's invention by assembling the LED Lights to the rear boarders behind the backboard. This promotion was conducted over the internet to guarantee fans national and international of an upcoming product that promotes a lighting sensation for the fans and more control for regulation.

15. That in or around the month of June 2003 Daktronics is promoting over the internet that is the owner of the copyright of the LED Lighted Backboard.

16. That in August 2004 Plaintiff's exclusive patent has expired, and that Plaintiffs hard work has been exposed to the open market.

17. That in or around October 2004 during a televised Detroit Piston game Plaintiff gets his first revelation that Daktroinics is now claiming the LED 24 Seconded Mounted Shot Clock as their property from the logo brandishing the Name of Daktronics.

18. That in or around December 2004 Plaintiff and his Preacher friend Charles Bicy called Daktronics and spoke with Frank. Frank was asked by Wendell over the phone if the

Mounted LED 24 Second shot clock was their property and Frank responded by saying yes "that is our property".

19. That in or around November 27, 2005 an employee of Daktronics is cited in the Salt Lake City Desert News paper stating that Daktronics and the NBA came up with LED clear view Mounted 24 Second Shot Clock from the side view of the corner was created for the fans "about two years ago. This statement is a calculation going back to 2003 shortly after a 6 year 1997 May statute of limitation would MCL 600.5813 would expire for Plaintiff to seek any damages with the application of a pendent state law.

20. Plaintiff contends that Daktronics alter ego the NBA shielded Daktronics from any litigation that would merit a timely cause of action in any judicial forum in a United States Court.

## COUNT –I - CONTINUAL VIOLATION CONSPIRACY
## TO VIOLATE ANTI - TRUSTS LAWS

Plaintiff incorporates by referencing the allegations contained in Paragraphs 1-20.

21. Plaintiff contends that Daktronics gave the NBA its drawings, sketches, technical specifications, marketing schemes, and exclusive patent agreement, and patent pointing out the life of patent with the intention of preventing Plaintiff from doing business with them or competing with them at any level, and sabotaging Plaintiffs business to where it

5

could not survive suffering severe economic damages. Plaintiff damages incurred as a result from the continual violation conspiracy is in the excess of $ 1,000,000.

22. That Defendant's knew from the very inception that it intended to mislead Plaintiff by making promises to contract with Plaintiff for the production of LED Backboards, LED Lighted Mounted 24 Second Shot Clocks, and Phase III is the LED built in Basket Ball Hoop/Rim was all of an employment of a series artifices strategically orchestrated to establish a pattern to damage Plaintiff at any stage of the production.

23. That Defendant's made sure that statute of limitations would expire in most instances shortly thereafter to immediately employ a design, concept, drawing, and marketing scheme  that depict the product of Plaintiff's total image for their own benefit.

24. That the Defendants' refusal to deal with Plaintiff created an unreasonable restraint on trade, and literally forced Plaintiff out of business which folded in July of 1999 one year after the NBA started Phase I of the Anti Trust Conspiracy Violations.

.

### COUNT- II TRADE DRESS INFRINGEMENT

25. Plaintiff incorporates by referencing the allegations contained in Paragraphs 1-20.

26. That Defendants' knew that the information that Plaintiff provided was time sensitive , and that the information provided generates cost , and that the information provided allowed the Defendants' a free ride on the efforts of the Plaintiff.

27. Plaintiff contends that his trade dress has become famous from the concerted efforts promoting Anti Trust Conspiracy where Plaintiff is entitled for injunctive relief.

28. Plaintiff is damaged as a result form benefiting from Plaintiff's information trade secret

that gave the Defendants the edge on a completive market which know has made product an international product. Plaintiff seeks damages that exceed $100,000,000.

### COUNT-III FALSE ADVERTISING

**29.** Plaintiff incorporates by referencing the allegations contained in Paragraphs 1-20.

**29.** That the Defendants misrepresented an inherent quality or characteristic of the product when it has failed to include the LED Lighted Hoop/Rim. This was another part of the orchestrated scheme to throw off any detection as to the originality of Plaintiff's product that would allow another would be infringer to file claim with the PTO to get my product registered and creating a new market from LED/Hoop/ Rim that would generate billions of dollars towards the economy.

**30.** Plaintiff seeks damages in the excess of $ 100,000,000.

**WEHEREFORE,** Plaintiff, **WENDELL W. PHILLIPS** seeks injunctive relief from the damages cause by the Defendants. And that all LED Backboard the lights on all the NBA arenas and all 24 Second Mounted Shot Clocks and in NCAA arenas will cease under court order until a settlement or litigation has been resolved.

Plaintiff seeks (A) judgment in his favor against the NBA in the amount of $100,000,000.

      (B) Judgment against Daktronics , Inc for damages in the amount of $ 100,000,000.

      (C) Punitive damages of NBA $1,000,000.

      (D)Punitive damages of Daktronics $ 1,000,000.

(E) Judgment awarding Plaintiff of all damages resulting to further relief as this court deem as proper.

## JURY DEMAND

Respectfully Submitted,

WENDELL W. PHILLIPS

Dated:  November 29, 2010

**PROOF OF SERVICE**

      **WENDELL W. PHILLIPS,** being first duly sworn that he personally filed the Plaintiff's Original Complaint and Proof of Service with a Summons to appear in the Eastern District Court Southern Division of Michigan in Detroit, Wayne County, Michigan, Original in the Clerk of the Federal Eastern District Court of Michigan, with copies of the same Defendants Attorneys of General Counsel for the NBA Richard W. Buchanan and the General Counsel for Daktronics Todd Gunn, via first class mail by placing same in sealed envelopes, affixing appropriate first class postage fully thereon, and depositing said envelopes in U.S. Mail receptacle on November 29, 2010.

                                                                                                      _____
                                                                                                       WENDELL W. PHILLIPS

§JS 44 (Rev. 12/07)  **CIVIL COVER SHEET**  County in which action arose: *Ingham*

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

### I. (a) PLAINTIFFS
Wendell W. Phillips
3225 Haley Drive Apt 6
Lansing Michigan 48911

(b) County of Residence of First Listed Plaintiff: Ingham
(EXCEPT IN U.S. PLAINTIFF CASES)

(c) Attorney's (Firm Name, Address, and Telephone Number)
Propia Person Wendell Phillips

### DEFENDANTS
Richard W. Buchanan
NBA, Ron Pak Provisional
Frank Hurtenbach

County of Residence of First Listed Defendant:
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES USE THE LAND ...

Case: 2:10-cv-14734
Judge: Hood, Denise Page
MJ: Morgan, Virginia M
Filed: 11-29-2010 At 04:43 PM
CMP WENDELL W. PHILLIPS V NATIONAL BASKETBALL ASSOCIATION, ET AL (LG)

### II. BASIS OF JURISDICTION (Place an "X" in One Box Only)
- ☐ 1 U.S. Government Plaintiff
- ☐ 2 U.S. Government Defendant
- ☐ 3 Federal Question (U.S. Government Not a Party)
- ☒ 4 Diversity (Indicate Citizenship of Parties in Item III)

### III. CITIZENSHIP (PTF/DEF)
- Citizen of This State: ☒ 1 / ☐ 1; Incorporated or Principal Place of Business In This State: ☐ 4 / ☐ 4
- Citizen of Another State: ☐ 2 / ☒ 2; Incorporated and Principal Place of Business In Another State: ☐ 5 / ☐ 5
- Citizen or Subject of a Foreign Country: ☐ 3 / ☐ 3; Foreign Nation: ☐ 6 / ☐ 6

### IV. NATURE OF SUIT (Place an "X" in One Box Only)

**CONTRACT**
- ☐ 110 Insurance
- ☐ 120 Marine
- ☐ 130 Miller Act
- ☐ 140 Negotiable Instrument
- ☐ 150 Recovery of Overpayment & Enforcement of Judgment
- ☐ 151 Medicare Act
- ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans)
- ☐ 153 Recovery of Overpayment of Veteran's Benefits
- ☐ 160 Stockholders' Suits
- ☐ 190 Other Contract
- ☐ 195 Contract Product Liability
- ☐ 196 Franchise

**REAL PROPERTY**
- ☐ 210 Land Condemnation
- ☐ 220 Foreclosure
- ☐ 230 Rent Lease & Ejectment
- ☐ 240 Torts to Land
- ☐ 245 Tort Product Liability
- ☐ 290 All Other Real Property

**TORTS — PERSONAL INJURY**
- ☐ 310 Airplane
- ☐ 315 Airplane Product Liability
- ☐ 320 Assault, Libel & Slander
- ☐ 330 Federal Employers' Liability
- ☐ 340 Marine
- ☐ 345 Marine Product Liability
- ☐ 350 Motor Vehicle
- ☐ 355 Motor Vehicle Product Liability
- ☐ 360 Other Personal Injury

**CIVIL RIGHTS**
- ☐ 441 Voting
- ☐ 442 Employment
- ☐ 443 Housing/ Accommodations
- ☐ 444 Welfare
- ☐ 445 Amer. w/Disabilities - Employment
- ☐ 446 Amer. w/Disabilities - Other
- ☐ 440 Other Civil Rights

**PERSONAL INJURY**
- ☐ 362 Personal Injury - Med. Malpractice
- ☐ 365 Personal Injury - Product Liability
- ☐ 368 Asbestos Personal Injury Product Liability

**PERSONAL PROPERTY**
- ☐ 370 Other Fraud
- ☐ 371 Truth in Lending
- ☐ 380 Other Personal Property Damage
- ☐ 385 Property Damage Product Liability

**PRISONER PETITIONS**
- ☐ 510 Motions to Vacate Sentence
- Habeas Corpus:
- ☐ 530 General
- ☐ 535 Death Penalty
- ☐ 540 Mandamus & Other
- ☐ 550 Civil Rights
- ☐ 555 Prison Condition

**FORFEITURE/PENALTY**
- ☐ 610 Agriculture
- ☐ 620 Other Food & Drug
- ☐ 625 Drug Related Seizure of Property 21 USC 881
- ☐ 630 Liquor Laws
- ☐ 640 R.R. & Truck
- ☐ 650 Airline Regs.
- ☐ 660 Occupational Safety/Health
- ☐ 690 Other

**LABOR**
- ☐ 710 Fair Labor Standards Act
- ☐ 720 Labor/Mgmt. Relations
- ☐ 730 Labor/Mgmt.Reporting & Disclosure Act
- ☐ 740 Railway Labor Act
- ☐ 790 Other Labor Litigation
- ☐ 791 Empl. Ret. Inc. Security Act

**IMMIGRATION**
- ☐ 462 Naturalization Application
- ☐ 463 Habeas Corpus - Alien Detainee
- ☐ 465 Other Immigration Actions

**BANKRUPTCY**
- ☐ 422 Appeal 28 USC 158
- ☐ 423 Withdrawal 28 USC 157

**PROPERTY RIGHTS**
- ☐ 820 Copyrights
- ☐ 830 Patent
- ☐ 840 Trademark

**SOCIAL SECURITY**
- ☐ 861 HIA (1395ff)
- ☐ 862 Black Lung (923)
- ☐ 863 DIWC/DIWW (405(g))
- ☐ 864 SSID Title XVI
- ☐ 865 RSI (405(g))

**FEDERAL TAX SUITS**
- ☐ 870 Taxes (U.S. Plaintiff or Defendant)
- ☐ 871 IRS—Third Party 26 USC 7609

**OTHER STATUTES**
- ☐ 400 State Reapportionment
- ☒ 410 Antitrust
- ☐ 430 Banks and Banking
- ☐ 450 Commerce
- ☐ 460 Deportation
- ☐ 470 Racketeer Influenced and Corrupt Organizations
- ☐ 480 Consumer Credit
- ☐ 490 Cable/Sat TV
- ☐ 810 Selective Service
- ☐ 850 Securities/Commodities/ Exchange
- ☐ 875 Customer Challenge 12 USC 3410
- ☐ 890 Other Statutory Actions
- ☐ 891 Agricultural Acts
- ☐ 892 Economic Stabilization
- ☐ 893 Environmental Matters
- ☐ 894 Energy Allocation Act
- ☐ 895 Freedom of Information Act
- ☐ 900 Appeal of Fee Determination Under Equal Access to Justice
- ☐ 950 Constitutionality of State Statutes

410

### V. ORIGIN (Place an "X" in One Box Only)
- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from another district (specify)
- ☐ 6 Multidistrict Litigation
- ☐ 7 Appeal to District Judge from Magistrate Judgment

### VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
Brief description of cause: Sherman Anti Trust Violation

### VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23
DEMAND $
CHECK YES only if demanded in complaint:
JURY DEMAND: ☐ Yes   ☐ No

### VIII. RELATED CASE(S) IF ANY
(See instructions): JUDGE _____   DOCKET NUMBER _____

DATE: 11/29/2010   SIGNATURE OF ATTORNEY OF RECORD: Wendell W. Phillips

**FOR OFFICE USE ONLY**
RECEIPT #   AMOUNT   APPLYING IFP   JUDGE   MAG. JUDGE

**PURSUANT TO LOCAL RULE 83.11**

1. Is this a case that has been previously dismissed?  ☐ Yes  ☒ No

   If yes, give the following information:

   Court: _____

   Case No.: _____

   Judge: _____

2. Other than stated above, are there any pending or previously discontinued or dismissed companion cases in this or any other court, including state court? (Companion cases are matters in which it appears substantially similar evidence will be offered or the same or related parties are present and the cases arise out of the same transaction or occurrence.)  ☒ Yes  ☐ No

   If yes, give the following information:

   Court: _Eastern District_____

   Case No.: _____

   Judge: _____

   Notes : _____