UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

WENDELL PHILLIPS,

Plaintiff,

Case No. 2:10-cv-14734

v.

HON. GEORGE CARAM STEEH

NATIONAL BASKETBALL ASSOCIATION, DAKTRONICS, INC., & FRANK KURTENBACH,

Defendants.
_______________________________________/

OPINION AND ORDER GRANTING DEFENDANTS' MOTION TO DISMISS [DOC. #4]

On November 29, 2010, plaintiff, Wendell Phillips, filed an amended complaint alleging that he invented an "LED Lighted Backboard, and LED Mounted 24 Second Shot Clock," and defendants, Daktronics, Inc., Daktronics's Executive Vice President Frank Kurtenbach, and the National Basketball Association (NBA), collectively implemented plaintiff's inventions in a way that assured that statutes of limitations would run before he filed suit ("2010 case"). Plaintiff previously filed suit against Daktronics in 2007, in a case also pertaining to plaintiff's inventions, and this court granted Daktronics's motion to dismiss based on Michigan's statutes of limitations. (Case no. 07-14662 ("2007 case")). On December 21, 2010, defendants Daktronics and Kurtenbach filed a motion to dismiss this case based on res judicata and failure to serve process, and on March 30, 2011, the NBA filed a joinder to the motion. The NBA also seeks to enjoin plaintiff from further litigation related to this matter. Plaintiff filed responses to the motions, and Daktronics and Kurtenbach collectively filed a reply to

the response to the motion to dismiss. On February 14, 2011, the case was reassigned from Judge Denise Page Hood to this court as a companion case.

BACKGROUND

Plaintiff alleges that around 1990 he invented "the LED Lighted Backboard and LED Mounted 24 Second Shot Clock," (Pl. Am. Compl. ¶ 6, 2010), and in 1996 he "acquired Exclusive patent rights to enhance the LED Rim with a built in [*sic*.] LED Lights," (id. at ¶ 8). Plaintiff further alleges that in 1997 he contacted and, on two occasions, met with Kurtenbach where discussions were held regarding the production of plaintiff's inventions. Id. at ¶¶ 10-11. Also, plaintiff alleges that Daktronics and the NBA intentionally prevented him from doing business or competing with them by implementing his inventions in a way that assured the statute of limitations would run before he could file suit. Id. at ¶ 23. Plaintiff then alleges that defendants intentionally misled him by making promises to contract. Id. at ¶ 24.

Plaintiff previously filed suit in federal court against Daktronics in October 2007, premised on diversity, claiming breach of oral contract, breach of implied contract, breach of fiduciary duty, unjust enrichment, fraud, fraud in the inducement, constructive fraud, and negligent misrepresentation. The allegations were based on the same inventions that are the subject of the suit at hand with plaintiff believing that Daktronics developed his invention independent of a relationship with him (Pl. Compl. ¶ 20, 2007 case). On February 5, 2008, this court ruled that plaintiff's claims were time-barred, granted Daktronics's motion to dismiss (Order Granting Def.'s Mot. to Dismiss at 7, 2007 case), and entered a judgment in favor of Daktronics. Plaintiff filed a motion for rehearing which was denied because it "simply reiterates earlier arguments which have

been previously considered and addressed." Plaintiff continued to pursue that suit against Daktronics a year later, when he filed a motion to reopen the case, and a motion for reconsideration, both of which were denied. In its Order Denying Plaintiff's Motion For Reconsideration, this court observed, "Plaintiff's newest motion is based on the argument that when the NBA began using the lighted backboard and 24 second shot clock, they shielded defendant as the source of the devices. ... Plaintiff seeks to amend his complaint, presumably to add the NBA as a party and to allege violations of the RICO statute." Then, on June 23, 2009, plaintiff filed another final motion relating to his 2007 complaint, attempting to make out a cause of action under RICO and the Clayton Act; this court denied the motion again, stating "The Court admonishes plaintiff not to file any further motions for relief from judgment or dismissal in this matter." (Order Denying Pl.'s Mot. to Alter or Amend J., 2007 case).

The facts alleged by plaintiff in this suit are substantially identical to the alleged facts supporting his 2007 case. See Pl. Compl. ¶ ¶ 1-21, 2007; Pl. Am. Compl. ¶ ¶ 1-20, 2010 case. Here, he makes federal question claims under the Lanham Act and Sherman Antitrust Act for Conspiracy to Violate the Anti-trusts [*sic*.] Laws Refusal Deal, Tortious [*sic.*] Interfernce [*sic.*] with Contractual relations, Misapropriation [*sic.*] of Trade Secrets and Private Information, Trade Dress Infringement, False Advertising, Intentional Infliction of Emtional [*sic.*] Distress, and Vicarious Liability (Pl. Am. Compl. ¶ ¶ 21-38, 2010 case), while adding the NBA and Daktronics's vice president, Kurtenbach, as defendants alongside Daktronics.

Plaintiff also signed a proof of service, stating that he sent copies of the complaint and summons to appear by first class mail to general counsel for the NBA

and for Daktronics. Plaintiff does not state that he mailed a copy of the complaint to Kurtenbach.

LEGAL STANDARD

Under the doctrine of res judicata, "a final judgment on the merits of an action precludes parties or their privies from relitigating issues that were or could have been raised in that action." Allen v. McCurry, 449 U.S. 90, 94 (1980). "The preclusive effect of a federal-court judgment is determined by federal common law," regarding federal question issues. Taylor v. Sturgell, 553 U.S. 880, 891 (2008). A person who was not a party to a suit generally has not had a full and fair opportunity to litigate, with an exception existing where a nonparty was adequately represented by someone who has identical interests and was a party in the suit. Id. at 894. The burden of proving res judicata is on the party asserting it. Buck v. Thomas M. Cooley Law, 597 F.3d 812, 817 (6th Cir. 2010) (citing Abbott v. Michigan, 474 F.3d 324, 331 (6th Cir. 2007).

ANALYSIS

**A. Dismissal based on Res Judicata**

It is clear that plaintiff's 2007 case was decided on the merits when this court entered judgment in favor of Daktronics. Thus, the questions that remain are (1) whether res judicata can apply to the NBA and Kurtenbach, defendants who were not named in the prior action, and (2) whether the claims made in the instant action were or could have been raised in the prior action.

First, although the NBA and Kurtenbach were not named as defendants in the prior action, res judicata still applies because they could have been named in the original suit. In the case of nonmutual claim preclusion, "where a stranger to a first

action is so closely and materially related to the named defendant ... res judicata will bar a subsequent claim because it would merely repeat the prior claim. Platsis v. E.F. Hutton & Co., et. al., 1988 U.S. Dist. LEXIS 18091 at *7 (W.D. Mich. June 20, 1988).

In Heritage Hills Fellowship v. Plouff, 555 F. Supp. 1290 (E.D. Mich. 1983), the court dismissed a subsequent action against individual IRS agents after a prior claim was dismissed against the IRS Commissioner because there was no reason why the plaintiffs could not have asserted the claims in the earlier litigation.

Similarly, there is no reason why plaintiff could not have asserted these claims in the 2007 case. Kurtenbach was named in allegations throughout plaintiff's 2007 complaint, including an allegation that named him as an agent of Daktronics. Regarding the NBA, plaintiff alleges in the instant complaint that it was while watching an NBA game that he noticed the use of his alleged inventions. This indicates that he knew the NBA used them at the time of the first action. Further, this court observed, in denying plaintiff's motion for reconsideration, that plaintiff was presumably seeking to add the NBA as a defendant in the 2007 case when he sought leave to amend his complaint. Lastly, plaintiff concedes on page 14 of his response to defendant's motion to dismiss that "the same or related parties are present," referring to the 2007 case, and relating it to the present case. Because the plaintiff knew at the time of the prior action that the NBA used his alleged inventions and Kurtenbach was an agent of Daktronics, plaintiff could have included them in his original suit, and adding them as defendants here repeats prior litigation; therefore res judicata applies to all defendants in this case.

Second, the claims made in the instant action could have been raised in the prior action. "The [res judicata] doctrine precludes re-litigation of claims actually litigated as

well as claims that could have been litigated." Phillips v. Lansing School District, 2007 U.S. Dist. LEXIS 49997, at *2 (W.D. Mich. July 11, 2007) (citing Richards v. Jefferson County, 517 U.S. 793, 797 (1996)). Phillips v. Lansing School District was litigation that preceded the actions of this case, wherein plaintiff sued his previous employer, the Lansing School District, in state court. The state trial court granted Lansing School District's motion for summary disposition, which Mr. Phillips appealed unsuccessfully to the Michigan Court of Appeals and the Michigan Supreme Court. Mr. Phillips then brought an action in federal court, and Judge Wendell A. Miles of the Western District of Michigan dismissed his action and denied his motion for reconsideration. The court applied the doctrine of res judicata, holding that Mr. Phillips' federal claims arose from the same factual allegations presented in state court. Id. at *2.

This present action appears to follow the same track that plaintiff followed in his suit against the Lansing School District. Just as in his motion for reconsideration in that litigation, the factual allegations made here repeat the factual allegations of his 2007 case. The only differences between plaintiff's 2007 and 2010 complaints exist where he adds, or changes, specific dates and details. For example, in his 2007 complaint, plaintiff alleged "That on or about November 2, 2004, Plaintiff noticed a device being used at a basketball venue that incorporated a string of LED lights affixed to a transparent backboard that would be activated when the game clock or shot clock expired." (Pl. Compl. ¶ 18, 2007 case). Then, in his 2010 complaint, plaintiff alleges "That on or around May of 1998 Plaintiff noticed that the NBA had a Mounted LED Lighted 24 second Shot Clock," (Pl. Am. Compl. ¶ 13, 2010 case), and "That on or around October 2002 – 2003 season the NBA attaches a second phase of Plaintiff's

invention by assembling the LED Lights to the rear boarders [*sic.*] behind the backboard (id. at ¶ 14).

In his response, plaintiff appears to argue that defendants wrongfully concealed facts giving rise to his current claims; however, all of the alleged facts in plaintiff's 2010 complaint occurred prior to 2007, providing him with ample opportunity to raise the present claims in the prior suit. Also, plaintiff attempts to argue that because his prior suit was filed under diversity and relied on state law, that he is able to now file federal law claims. However, the Sixth Circuit has stated, "in view of the diversity of the parties, both the contract claim and the [federal] claim were within the original jurisdiction of the district court in the first action and should have been brought together." Cemer v. Marathon Oil Co., 583 F.2d 830, 832 (6th Cir. 1978). Because plaintiff could have raised the claims in this action when he filed suit in 2007 and the factual allegations are nearly identical, res judicata applies.

**B. Dismissal Based on Failure to Serve Process**

This case is also dismissed against Daktronics and Kurtenbach for plaintiff's failure to serve process on them. Fed. R. Civ. P. 4 governs service of process. Plaintiff made no attempt to serve Kurtenbach, and his attempt to serve Daktronics was flawed. "Actual notice of the litigation is insufficient to permit a court to exercise jurisdiction over a defendant; rather, compliance with the requirements of Rule 4 must be shown." Harper v. ACS-Inc., 2010 U.S. Dist. LEXIS 114760 (E.D. Mich., October 28, 2010).

Plaintiff claims that he served Daktronics by first class U.S. mail. Daktronics is a corporation, therefore service pursuant to Rule 4 requires delivery of the summons and complaint to an officer or registered agent authorized by appointment or law to receive

service of process. Fed. R. Civ. P. 4(h). Service by mail is not sufficient because it does not ensure the receipt by the officer, director, or registered agent to which it may be addressed. Id. Rule 4(e)(1) allows for service according to "state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made." However, Michigan's rules do not permit service by mail either. Harper, at *10 ("courts in the Eastern District of Michigan consistently have held that proper service in Michigan does not include service by mail.") Plaintiff failed to serve Daktronics and Kurtenbach in compliance with Rule 4, providing legitimate grounds for dismissal.

**C. Enjoinment from Bringing Future Claims Related to this Matter**

In the NBA's joinder to Daktronics' motion to dismiss, it requests that plaintiff be enjoined from further litigation related to this matter.

> Courts in the Eastern District of Michigan consider several factors in determining whether to restrict a litigant's future access to the courts:
>
> > (1) The litigant's history of litigation and in particular whether it entails vexatious, harassing or duplicative lawsuits;
> >
> > (2) The litigant's motive in pursuing the litigation, e.g. does the litigant have an objective good faith expectation of prevailing?
> >
> > (3) Whether the litigant is represented by counsel;
> >
> > (4) Whether the litigant has caused needless expense to other parties or has posed an unnecessary burden on the courts and their personnel; and
> >
> > (5) Whether other sanctions would be adequate to protect the courts and the other parties.

Sanford v. Standard Federal Bank, 2011 U.S. Dist. LEXIS 17465 at **23-24 (E.D. Mich. Feb. 23, 2011) (citing Tropf v. Fidelity Nat'l Title Ins. Co., 289 F.3d 929, 940 n.18 (6th

Cir. 2002)).

The NBA argues that “Mr. Phillips has a history of vexatious, harassing and duplicative lawsuits.” After judgment was entered against plaintiff in his 2007 case, plaintiff proceeded to file multiple motions for rehearing, to reopen, for reconsideration, and to alter judgment. He received a warning from this court in one of the denials of a motion admonishing him not to file any further motions for relief or dismissal in this matter. Thereafter, plaintiff filed this suit, involving claims that have already seen a final judgment on the merits, attempting to skirt the law by adding defendants, and bringing claims that he neglected to bring when he had the opportunity.

The NBA also points to plaintiff’s separate and previous lawsuit against the Lansing School District, where, after losing on summary judgment, plaintiff filed various motions and appeals in numerous courts, including the U.S. District Court for the Western District of Michigan, the Sixth Circuit Court of Appeals, the United States Supreme Court, the Michigan Court of Appeals, and the Michigan Supreme Court. Phillips, 2006 U.S. Dist. LEXIS 52106, **1-2. However, that lawsuit in another court was distinctly different than the suit at hand, making it difficult to draw a connection to plaintiff’s behavior in this case or any conclusions concerning his motives.

Defendants certainly have grounds to argue that, based on plaintiff’s behavior in past litigation, and the admonishment that he received the first time he brought claims against Daktronics, plaintiff should be enjoined from future litigation related to this matter. However, greater latitude is given to *pro se* litigants by courts, and the court cannot rule out the possibility that a colorable claim related to this case may be found. Therefore, this court is not prepared to employ such a drastic measure as to enjoin

plaintiff in this matter. However, plaintiff is forewarned that future filings relating to this matter may result in the injunction as requested by the NBA.

## CONCLUSION

For the reasons set forth above, defendants' motion to dismiss based on res judicata is GRANTED. Defendant's motion to enjoin plaintiff from bringing future claims related to this matter is DENIED.

Dated: July 26, 2011

S/George Caram Steeh
GEORGE CARAM STEEH
UNITED STATES DISTRICT JUDGE

CERTIFICATE OF SERVICE

Copies of this Order were served upon attorneys of record on July 26, 2011, by electronic and/or ordinary mail.

S/Josephine Chaffee
Deputy Clerk