UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

WENDELL PHILLIPS,

    Plaintiff,

    v.

NATIONAL BASKETBALL
ASSOCIATION, DAKTRONICS, INC.,
and FRANK KURTENBACH,

    Defendants.
_____/

Case No. 2:10-cv-14734

HON. GEORGE CARAM STEEH

ORDER DENYING PLAINTIFF'S MOTION FOR RELIEF FROM
ORDER, FOR RECUSAL OF JUDGE GEORGE CARAM STEEH, AND
FOR DEFAULT JUDGMENT AGAINST DEFENDANTS [DOC. #27]
AND ENJOINING PLAINTIFF FROM FILING FUTURE LAWSUITS

    This matter is presently before the court on plaintiff Wendell Phillips' motion for relief from order, to recuse this judge, and for entry of default judgment against defendants. Since 2007, plaintiff has been pursuing his claim that he invented the light-up backboard and shot clock manufactured by defendant Daktronics, Inc. and used by defendant National Basketball Association ("NBA"). In 2008, the court dismissed plaintiff's first lawsuit against Daktronics (the "2007 Lawsuit") based on Michigan's statutes of limitations. Plaintiff filed a motion for rehearing, four motions to reopen, a motion for reconsideration and a motion to alter or amend judgment. Two of the post-judgment motions sought to add the NBA as a defendant. On June 23, 2009, in its order denying plaintiff's motion to alter or amend judgment, the court admonished plaintiff not to file any further motions for relief from judgment or dismissal in this matter.

    In 2010, Mr. Phillips filed a new lawsuit based on the same substantive allegations,

-1-

but substituting new causes of action and adding the NBA as a defendant ("2010 Lawsuit").  The case was assigned to a different judge, but was transferred to this judge as a companion case pursuant to L.R. 83.11(b)(7)(A).  Companion cases are those in which it appears that substantially similar evidence will be offered at trial, or the same or related parties are present, and the cases arise out of the same transaction or occurrence.  While plaintiff alleges that defendants' attorneys and this judge conspired to have the case transferred, he is not correct.  A companion case referral can only be made by the assigned judge, in this case Judge Denise Page Hood, and must be approved by the judge who held the earlier filed case, in this case Judge Steeh.  Defendants' counsel has no place in the process.  Finally, the 2007 and 2010 Lawsuits meet the local rule guidelines as to what constitutes a companion case, so plaintiff's allegations of a conspiracy among lawyers and judges are clearly misplaced.

      The court dismissed the 2010 Lawsuit on the grounds of *res judicata* and failure to serve process.  In the order of dismissal, the court once again admonished plaintiff that future filings relating to this matter may result in an injunction.  Plaintiff then filed a motion for reconsideration which was denied.  This brings the matter to the present motion for relief from order and for recusal.

      Plaintiff's argument in support of recusal is related to the investigation of Mr. Phillips by the FBI for allegedly threatening to kill United States District Court Judge Marianne Battani, who also sits on this court.  Plaintiff asserts that Judge Steeh has animus toward him arising out of the allegations and investigation.  This court would like to assure Mr. Phillips that it has no personal animus against him related to the alleged threats made against Judge Battani, of which defendant was apparently cleared by the FBI.  In fact, this

court has no animus against Mr. Phillips for any reason. The warnings issued to plaintiff regarding further filings in his lawsuits all arise out of an abuse of the procedures set forth in the court rules. The court recognizes that plaintiff has been representing himself for most of the litigation, and has endeavored to give him more leeway for just that reason. However, there are limits for even *pro se* plaintiffs, and Mr. Phillips has now exceeded those limits.

The court has the power to permanently enjoin plaintiff from the filing of repetitive and harassing lawsuits. 28 U.S.C. § 1651; <u>Sanford v. Standard Federal Bank</u>, 2011 U.S. Dist. LEXIS 17465 at ** 23-24 (E.D. Mich. Feb. 23, 2011) (citation omitted). The court is to examine five factors in determining whether to issue an injunction. First, the litigant's history of vexatious, harassing, or duplicative lawsuits. Mr. Phillips' history has been detailed in this order, as well as previous orders in both the 2007 and 2010 Lawsuits. Next, the litigant's motive in pursing the litigation should be examined. In this case, while Mr. Phillips' holds a strong belief that he in fact invented the light-up backboard and shot clock, he does not have an objective good faith expectation of prevailing given the rulings and procedural posture of his cases. Mr. Phillips was represented by counsel in the 2007 Lawsuit until the court entered judgment against him. This is when the post-judgment flurry of motions began, including the present motion which accuses this court of fraud and bias. Mr. Phillips has caused defendants to incur needless expense and has posed an unnecessary burden on the court and its personnel. There are no other available sanctions that would adequately protect the court and other parties in this case as plaintiff is proceeding *in forma pauperis*. Taking all five factors into account, the court concludes that it is appropriate at this time to enjoin Mr. Phillips from filing any further motions in this

case, and any future lawsuits relating to the light-up backboard and shot clock which are the subject matter of the 2007 and 2010 Lawsuits. Should plaintiff wish to raise claims relating to this subject matter in a new lawsuit, he must first obtain leave of this court to do so.

Plaintiff has failed to forward any valid reasons why the court should grant his request for relief, or his request for entry of default judgment against defendants. Accordingly,

IT IS HEREBY ORDERED that plaintiff's motion for relief from order is DENIED.

IT IS HEREBY FURTHER ORDERED that plaintiff's motion for recusal is DENIED.

IT IS HEREBY FURTHER ORDERED that plaintiff's motion for entry of default judgment is DENIED.

IT IS HEREBY FURTHER ORDERED that plaintiff is ENJOINED from filing further motions or new lawsuits relating to the subject matter of this case, without first obtaining leave of this court.

It is so ordered.

Dated: August 20, 2012

                              s/George Caram Steeh
                              GEORGE CARAM STEEH
                              UNITED STATES DISTRICT JUDGE

---

CERTIFICATE OF SERVICE

Copies of this Order were served upon attorneys of record on August 20, 2012, by electronic and/or ordinary mail and also to Wendell W. Phillips at 2741 Stoneleigh, Lansing MI 48910.

s/Barbara Radke
Deputy Clerk